UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IVEN L. MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-517-CEA-DCP |
| | ) | |
| OFFICER CONNOR UNDERWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Compel [Doc. 24]. Specifically, Defendants seek an order compelling Plaintiff to respond to Defendants' Interrogatories and Request for Production of Documents (collectively, "Discovery Requests"). Defendants state that they served Plaintiff with the Discovery Requests on May 26, 2020. On July 28, 2020, having received no responses to the Discovery Requests, Defendants followed up with Plaintiff by email and certified and regular United States mail, reminding Plaintiff that the parties agreed to respond to written discovery within sixty (60) days of receiving the written discovery. Defendants state that they sent a similar letter on August 13, 2020.

Further, Defendants state that they took Plaintiff's deposition on August 20, 2020. During Plaintiff's deposition, some of the questions that were included in the Discovery Requests were discussed, but Plaintiff has still not provided written responses under oath. Defendants submit that over the course of 2020, the parties exchanged a series of emails, and it initially appeared that Plaintiff was confused as to the difference between the initial disclosures, which Plaintiff provided,

and the responses to the Discovery Requests, which he had not provided.  Defendants state that the distinction was clarified through email communications, and Plaintiff requested another copy of the Discovery Requests, which Defendants provided on October 28, 2020.  Defendants assert that despite multiple attempts to work with Plaintiff, he still has not provided his responses to the Discovery Requests.

As an initial matter, the Court notes that Plaintiff has not responded to the instant Motion, and the time for doing so has expired.  *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").  Further, the Court finds that Plaintiff's responses to the Discovery Requests are long overdue.  Plaintiff **SHALL** respond to Defendants' Discovery Requests on or before **March 17, 2021.**  Plaintiff is **ADMONISHED** that the failure to fully respond to the Discovery Requests by March 17, 2021, may result in sanctions, including dismissal of his case.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  Accordingly, Defendants' Motion to Compel [**Doc. 24**] is **GRANTED.**

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge